## INTERSTATE COMMERCE COMMISSION v. OVERNIGHT MOTOR TRANSP. CO., Inc., et al.
### No. 10059.

District Court, E. D. Pennsylvania.

Aug. 24, 1938.

J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and Jack Garrett Scott and Francis A. Silver, both of Washington, D. C., for plaintiff.

R. Sturgis Ingersoll (of Ballard, Spahr, Andrews & Ingersoll), all of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

By the calendar the first motion is that for a preliminary injunction. There has been interposed, however, a motion to dismiss the Bill which, if it prevails, will dispose of the first motion. The case was accordingly heard on the motion to dismiss the Bill, the motion for an injunction to await a ruling upon the motion to dismiss. The sole ground of the motion to dismiss is the one of jurisdiction because of the lack of judicial power in the Court to entertain the cause. The Interstate Commerce Commission is the plaintiff. It has no cause of action unless one has been conferred by Statute. The proceeding is based upon the provisions of the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq., with special reference to Section 222 (b) thereof, U.S.C.A., Title 49, § 322 (b).

It is admitted that this confers upon the District Courts the judicial power to entertain this Bill unless the case comes within the exception set forth in the Act, to wit, "except as to the reasonableness of rates, fares, or charges and the discriminatory character thereof." Clearly the Court is without power to determine a complaint that the rates, fares or charges established by a motor carrier were unreasonable or were discriminatory. Why Congress made this exception is obvious.

The question before us is thereby reduced to the very narrow one of whether the complaint here is that the charges of this defendant for carrier service are unfair, unreasonable or discriminatory. We accept this as the question presented to us because the very capable and experienced counsel, who have argued it pro and con, agree that it is the sole question before us. Our inquiry is thus restricted to the simple one of what the complaint is. This is found in the prayer of the Bill. It is that the defendant, as a motor carrier, has departed from its own published tariff of charges. Published rates may be unfair or unreasonable or they may be discriminatory. The Courts in individual cases cannot inquire into their character in these respects for a reason which, as we have said, is obvious. Carriers must, however, conform to their published tariff of rates. It is thus seen that conforming to the rates of the established tariff is one thing; the character of the rates as unreasonable or discriminatory is another thing.

The result of the discussion is thus brought down to the proposition that the Court is without jurisdictional power to determine a complaint that the published charges made by a carrier are unreasonable or discriminatory but are expressly given jurisdiction to determine complaints of other law violations by carriers, among which is the violation of their legal obligation to conform to their published tariffs. The carrier which departs from its published tariff of rates and charges one shipper one price and another a different price is undoubtedly guilty of an act of discrimination, but a complaint of this is not a complaint of the unreasonableness or discriminatory character of the tariff rate.

Without prolonging the discussion we conclude it by the statement that the very forceful argument addressed to us by counsel for the defendant that the finding of a departure from a tariff rate is a finding that the rate is discriminatory, has left us unconvinced.

The motion to dismiss is denied and plaintiff may proceed on its motion for a preliminary injunction.